**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA JUNEJA,<br>ANA LAW LLC,<br>ANAGPT LLC,<br>ANA IP HOLDINGS LLC,<br>Plaintiffs,<br><br>v.<br><br>ASSOCIATION OF NATIONAL ADVERTISERS, INC.,<br>Defendant. | Civil Action No. 1:25-cv-09433-LAP |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, subject to the approval of the Court and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Stipulated Protective Order be entered as follows:

1. For the purposes of this Stipulated Protective Order (the "Protective Order"), the terms "Party" or "Parties" shall mean the named parties to this lawsuit. "Discovery Material" shall include all written, recorded, or graphic material in any form or medium, and any information or data contained therein, disclosed or produced to any Party in connection with this action and any other information that any Party or any third party (the "Producing Party") discloses to another Party (the "Receiving Party"). Discovery Material includes, without limitation, all items enumerated in Rule 26(a) and Rule 34(a) of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and deposition testimony, transcripts, and exhibits.

2. Counsel for a Producing Party may designate any Discovery Material, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect information that is proprietary, a trade secret, or otherwise sensitive nonpublic information,

including nonpublic business, financial, strategic, marketing, membership, pricing, or personnel information, and information the Producing Party is obligated to keep confidential under agreements with nonparties, including ANA members, sponsors, and partners ("Confidential Information"). Information, documents and media (e.g., hard drives, DVDs, or USB drives) so designated shall be labeled "CONFIDENTIAL". Where feasible, such legend shall be placed upon each page or thing containing Confidential Information, including each page of a TIFF image. Electronically stored information (ESI) produced in native format may be designated CONFIDENTIAL in the filename, load file, or production cover letter. This Protective Order shall not govern the use or disclosure by a Party or third party of its own Discovery Material.

3. The Confidential Information disclosed will be held and used by the Receiving Party solely for use in this action, and not for any business, competitive, marketing, trademark-prosecution or trademark-enforcement, publicity, media, or social-media purpose, or in any other litigation, administrative proceeding (including before the United States Patent and Trademark Office or Trademark Trial and Appeal Board), or other proceeding or dispute.

4. In the event a Receiving Party challenges a designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute. In the absence of a resolution, the challenging party may seek resolution by the Court in accordance with its discovery dispute procedures. The designating Party bears the burden of establishing the need for protection. The challenged Discovery Material shall remain confidential pending resolution. A challenge shall identify the specific Discovery Material by Bates number and state the basis for each challenge; blanket or categorical challenges or designations are not permitted.

5. Nothing in this Protective Order constitutes an admission that Confidential Information is relevant or admissible. Each Party reserves the right to object to its use or admissibility.

6. The Parties shall meet and confer if a Producing Party seeks an additional restriction, such as an attorneys'-eyes-only designation. Such additional restrictions require the Parties' agreement or Court order. Confidential Information may be disclosed, as reasonably necessary for this action, only to the following categories of persons who are acting for on behalf of a Receiving Party:

(a) Outside counsel for the Parties, including their employees assisting in the litigation;

(b) The officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

(c) Consultants or experts assisting in the prosecution or defense of the action;

(d) The Court, its personnel, court reporters and their staff, and any mediator and persons employed by the mediator;

(e) Litigation-support vendors, including but not limited to, ESI consultants, graphic artists, jury or trial consultants, and mock jurors who are subject to confidentiality obligations;

(f) The author, addressee, or other person who lawfully received the information; and

(g) Witnesses during preparation for or testimony at a deposition, hearing, or trial, subject to paragraph 7.

7. Before disclosing Confidential Information to a consultant, expert, or witness under paragraph 6(c) or 6(g), counsel shall provide a copy of this Order, explain its restrictions, and obtain a signed acknowledgment in the form attached as **Exhibit A**. Counsel shall retain the

acknowledgment. A person who already lawfully possessed the information need not sign an acknowledgment to view it. A witness who declines to sign may be shown the information only by agreement of the designating Party or Court order. Litigation-support vendors and mock jurors shall be bound by this Protective Order or equivalent written confidentiality obligations.

8. A Producing Party's disclosure of Discovery Material without designating it as CONFIDENTIAL shall not constitute a waiver of the right to designate it. Upon written notice to the Receiving Party, the Discovery Material at issue shall thereafter be treated as Confidential Information and subject to any challenge under this Order. A prior good-faith disclosure does not violate this Protective Order. Deposition testimony may be designated as CONFIDENTIAL on the record or by portion, page or line within 21 days after receipt of the official transcript. The transcript shall be treated as Confidential Information during that period; thereafter, only designated portions remain protected.

9. If a Party learns of an unauthorized disclosure of Confidential Information, it shall promptly notify the Producing Party and take reasonable steps to retrieve the information and prevent further unauthorized disclosure.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained securely and confidentially and shared only with authorized individuals in a secure manner, and otherwise may be redacted by agreement of the Parties. If the Receiving Party experiences a data breach involving PII, it shall immediately notify the Producing Party and cooperate in addressing and remedying the breach. Nothing herein waives any legal claims, rights, or defenses arising from a failure to protect PII.

11. Confidential Information shall be stored only on secure systems with access controls, shall not be stored on personal devices or consumer cloud accounts, and shall not be uploaded to any generative-AI tool or service that trains on those inputs or discloses them except as necessary to provide the service under confidentiality obligations.

12. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Rule 502(d).

13. If a Producing Party discloses Discovery Material to a Receiving Party that is privileged, protected under the work-product doctrine, otherwise immune from discovery (the "Protected Information"), the Producing Party shall notify the Receiving Party of the claim for protection and its basis. The Receiving Party shall, within seven (7) days, return, sequester, or destroy the Protected Information and all copies thereof and shall take reasonable steps to retrieve any copies of the Protected Information that the Receiving Party previously disclosed; and otherwise shall not use or disclose it. A Receiving Party that discovers Discovery Material reasonably appearing to be Protected Information shall promptly cease review and notify the Producing Party and return or destroy the Protected Information and all copies thereof within seven (7) days after such notice. The Receiving Party, having returned or destroyed the Protected Information may, with fourteen (14) days of such notice, without asserting waiver because of inadvertent production, seek production of such Protected Information in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules. The Producing Party shall preserve the information until the motion is resolved.

14. The Parties shall comply with Judge Preska's Individual Practice 2.G when seeking to file material under seal or in redacted form. The Parties shall negotiate terms governing the use of Confidential Information at trial as part of the Joint Pretrial Order required under Judge Preska's Individual Practices.

15. Each individual who receives any materials designated as Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

16. If any materials are obtained from any person or entity not a Party to this action, including, but not limited to, documents and deposition testimony, that nonparty shall have the same rights to designate any such materials as Confidential Information as a Party would have, and the use of those materials by the Parties shall be governed in all respects by this Protective Order. Each Party seeking discovery from any nonparty by subpoena shall serve a copy of this Protective Order along with the subpoena.

17. Within 30 days after final disposition of this action, including all appeals, Confidential Information and all copies thereof shall be returned to the Producing Party or certified as destroyed, except that counsel may retain their working files, as well as an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information, subject to the protections of this Protective Order.

18. Nothing herein precludes disclosure of Confidential Information required by law or pursuant to a valid subpoena. Where legally permitted, the Party receiving the subpoena shall

notify the designating Party at least fourteen (14) days before disclosure and provide the designating Party a reasonable opportunity to seek protection, and shall not produce the Confidential Information before the designating Party has had a reasonable opportunity to seek protection.

19. None of the restrictions set forth in this Protective Order shall apply to any information which: (1) has been lawfully obtained by a Party before this Protective Order is entered; (2) was independently developed by the Receiving Party; (3) is acquired in good faith from a Party who has the right to make such disclosure and was not required to hold such information in confidence; or (4) was, is, or becomes public knowledge by means not in violation of the provisions of this Protective Order, and not involving wrongful disclosure by a third party or a Party to this action.

20. This Protective Order survives the conclusion of this action unless otherwise ordered. Any Party or affected nonparty may seek modification of this Protective Order on an appropriate showing.

SO STIPULATED AND AGREED:

Dated: October 27, 2026

**ANA LAW LLC**

By: /s/ Ana Juneja _
Ana Juneja
(NY Bar No. 6160642)
Ana Law LLC
1300 Pennsylvania Ave. NW
Suite 700
Washington, DC 20004
(212) 205-6700 (telephone)
(212) 205-6701 (facsimile)
ana@analaw.com

*Counsel for Plaintiffs*

Dated: October 27, 2026

**REED SMITH LLP**

By: /s/ Ian M. Turetsky _
Ian M. Turetsky
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
ituretsky@reedsmith.com

Jennifer Y. DePriest
(admitted *pro hac vice*)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
jdepriest@reedsmith.com

Christopher J. Pulido
(admitted *pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: (415) 543-8700
Fax: (415) 391-8269
cpulido@reedsmith.com

*Counsel for Defendant*

**SO ORDERED.**

Loretta A. Preska, U.S.D.J.

Dated: New York, New York
October 28, 2026

**Exhibit A**

**Acknowledgment of Protective Order**

I have read the protective order entered in Juneja et al. v. Association of National Advertisers, Inc., No. 1:25-cv-09433-LAP (S.D.N.Y.), and agree to be bound by its terms. I will not disclose Confidential Information to any person except as permitted by the Order or use it for any purpose other than this litigation. I submit to this Court's jurisdiction for enforcement of the Order.

Name: ____________________________________

Signature: __________________________________

Date: ______________________________________

Signed in the presence of:

__________________________________________

Attorney