**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA JUNEJA,<br>ANA LAW LLC,<br>ANAGPT LLC,<br>ANA IP HOLDINGS LLC,<br>Plaintiffs,<br><br>v.<br><br>ASSOCIATION OF NATIONAL ADVERTISERS, INC.,<br>Defendant. | Civil Action No. 1:25-cv-09433-LAP |

**STIPULATION AND ESI AND PRIVILEGE ORDER**

The parties stipulate to the following protocol governing production of electronically stored information ("ESI") and scanned paper documents. This protocol supplements the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's orders. It does not alter the scope of discovery or any discovery deadline. All discovery under this protocol is subject to Federal Rule of Civil Procedure 26.

## I. Preservation and Search

Each party shall take reasonable steps to preserve discoverable information and identify sources likely to contain responsive ESI. The parties shall confer as needed about custodians, sources, date ranges, search terms or other search methods, and material accessibility issues.

A producing party shall use reasonable search and review methods suited to the sources at issue. The parties shall cooperate in addressing apparent gaps and reasonable requests for additional searches. A search-term miss alone does not exclude an otherwise known responsive document from production. Undisputed discovery shall proceed while specific disputes are addressed.

**A. Sources Not Reasonably Accessible**

Absent agreement or Court order, the parties need not preserve or search (a) deleted, fragmented, slack, or unallocated data accessible only through forensic recovery; (b) random access memory, temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (c) backup or disaster-recovery data that are duplicative of information preserved in a reasonably accessible source; (d) voicemail that is not ordinarily stored or saved, unless otherwise stored or saved; (e) system, server and network logs; or (f) legacy systems no longer in use. These exclusions do not apply to sources a party knows or reasonably should know contain unique discoverable information. A party asserting that another source is not reasonably accessible shall identify the source and the basis for its position, and any dispute shall be resolved under Federal Rule of Civil Procedure 26(b)(2)(B). Nothing in this paragraph authorizes destruction of information otherwise subject to a preservation obligation.

**B. Database-generated ESI**

For ESI generated by or maintained in Microsoft Access or other database software, the Producing Party may satisfy its obligations by producing reasonably usable reports or exports (e.g., .csv or .xlsx) of responsive fields. The Parties shall meet and confer about reasonable requests concerning the completeness, accuracy, or usability of the reports or exports, including available field definitions and information needed to interpret the data. Where a Party produces Microsoft Access or other database software files only in native format, the Producing Party shall provide a corresponding image (TIFF) placeholder that contains the Bates number and Confidentiality designation of the file.

**C. Social Media**

1. Scope. This section applies to social media, messaging, and content-sharing accounts within a Party's possession, custody, or control that are reasonably likely to contain discoverable information. Preservation, collection, and production shall be limited to relevant subject matter and time periods under the applicable discovery requests, agreements, and Court orders, without narrowing any existing preservation obligation.

2. Preservation. Each Party shall take reasonable steps to preserve discoverable content within the scope of this section, including suspending deletion or "disappearing message" settings that would cause its loss. A Party shall not delete or edit such content, change access or privacy settings, or deactivate or close an account if doing so would cause the loss of discoverable information, including associated metadata. Ordinary account operations may continue after complete preservation copies of affected discoverable content and metadata have been made. Discoverable content on associated devices shall be preserved; this paragraph does not require retention of a device if that content and metadata have been completely preserved elsewhere.

3. Collection. Content created, posted, shared, sent, or received through a social media, messaging, or content-sharing platform ("Social Media Content") shall be collected using either (a) the platform's native account-download tool (e.g., Meta "Download Your Information," X archive, Google Takeout, TikTok data request) in a format provided by the platform, or (b) a forensically sound collection tool (e.g., WebPreserver, Page Vault, X1 Social Discovery, Hanzo) that captures content and metadata. Screenshots alone are not an acceptable form of collection where native or

forensic collection is reasonably available, though they may be produced in addition to such a capture. If neither method is reasonably available, the parties shall confer about an alternative that preserves the available content and metadata.

4. Scope. Within the scope of paragraph 1, collection shall include posts, comments, replies, reactions/likes, shares/reposts, stories and highlights (to the extent retained), direct/private messages, group posts, photos, videos, live-stream recordings, check-ins, profile and bio changes, and associated captions. Content posted by third parties on the Party's pages, and the Party's comments on third-party content, are within scope.

5. Production Format and Metadata. Notwithstanding the processing, production-format, and metadata provisions elsewhere in this Protocol, including Sections II and III and Attachment A, a Party may satisfy those requirements for responsive, nonprivileged Social Media Content by producing the output collected through the platform's native account-download tool, in the format provided by that tool, together with the associated media files and metadata included in the export. No additional PDF or TIFF renditions, load files, separate extraction of text or metadata, or creation or reconstruction of metadata absent from the export is required. The producing Party may review the export for responsiveness and privilege and make authorized redactions, while preserving an unaltered copy of the collected export. Alternatively, Social Media Content may be produced in a reasonably usable forensic capture format with the associated media and available metadata. This paragraph does not expand the scope of discovery under paragraph 1. If a Party identifies specific responsive content known to be missing from an

export, the parties shall confer about a targeted supplemental collection or other reasonably usable means of producing that content.

6. Responsiveness. Each Party shall review collected content for responsiveness and privilege. This section does not require production of nonresponsive or privileged content.

## II. Processing

Exact duplicates may be removed across custodians and sources using MD5, SHA-1, or comparable hash values at the document-family level. Global deduplication is the default. Near-duplicate analytics may be used to organize review but not to withhold documents. A producing party may produce only the most inclusive email in a thread, together with any lesser-included emails containing unique text, recipients, or attachments. Lesser-included emails need not be logged separately if the inclusive email is logged. Materially different versions and annotations shall not be treated as duplicates.

Emails and attachments, and documents and extracted non-image embedded files, shall remain associated as families. If a family member is responsive, the complete family shall be produced, except material properly withheld as privileged or otherwise by agreement or Court order. A withheld family member shall be represented by a Bates-numbered placeholder identifying the basis for withholding without revealing protected information. The producing party shall make reasonable efforts to collect and produce hyperlinked or cloud-referenced files within its possession, custody, or control that function as attachments to responsive communications, and to associate them with those communications. This does not require collection of every external website referenced by a hyperlink. The parties shall confer about material technical limitations and reasonably usable alternatives.

The producing party shall use reasonable efforts to resolve encrypted, corrupt, or otherwise unprocessable files. An unresolved file within a produced family shall be represented by a placeholder identifying the processing problem. The parties shall confer as necessary about material processing exceptions, available passwords, and alternative means of production.

## III. Production Format

### A. Images and Text

Except as provided below or agreed in writing, documents shall be produced as single-page Group IV TIFF images at 300 dpi or better, with Opticon image load files and Concordance DAT files. Each document shall have a UTF-8 text file containing extracted text or, where extraction is unavailable, optical character recognition ("OCR") text where reasonably practicable. Text files shall be named with the document's beginning Bates number.

Images and extracted text shall preserve available email headers, comments, tracked changes, speaker notes, and other user-entered information needed to understand the document. Color shall be preserved where reasonably necessary to comprehension or use, using high-quality JPEG images in the image load file. Bates numbers and confidentiality designations (addressed in the Stipulated Protective Order) shall not obscure content.

### B. Native Files

Spreadsheets, audio, and video shall be produced in native format. Spreadsheets shall retain formulas, worksheets, hidden rows and columns, and comments, subject to proper redactions. Each native file shall have a Bates-numbered placeholder and the filename of the native version shall contain its corresponding Bates number, with a corresponding native-file link in the load file. Reasonable requests identifying specific documents by Bates number and explaining the need for such documents in native format shall not be unreasonably denied where needed for comprehension or use.

**C. Structured Data and Messages**

The parties shall confer about a reasonably usable format for responsive database and application data, ordinarily CSV, XLSX, or another usable export, with available field definitions and information needed to interpret the data. Messages shall retain participants, timestamps, attachments, and sufficient surrounding context to be understood. Reasonable requests for additional context in terms of time and content shall not be unreasonably denied. Web and social-media productions shall preserve content, associated media, and reasonably available URLs or identifiers and dates.

**D. Metadata**

Productions shall include the applicable fields in Attachment A, with Unicode encoding. Existing metadata need not be recreated if it cannot reasonably be extracted, but production-control fields, family links, custodians, confidentiality and redaction indicators, and file links shall be populated as applicable. The producing party shall identify its processing time zone and use it consistently. The parties may agree in writing to equivalent field names or compatible load-file formats.

**E. Paper Documents**

Paper documents shall be scanned at 300 dpi or better, with OCR where reasonably practicable. The production shall preserve document boundaries, attachment relationships, and meaningful folder labels or other usual-course organization. Distinct documents shall not be combined into a single record, and a single document shall not be divided into separate records.

**IV. Redactions**

Redactions shall be limited to privileged or otherwise legally protected information, or information the parties agree or the Court orders may be redacted. A producing party may also redact (a) Social Security numbers, financial account numbers, and similarly sensitive personal

identifiers; and (b) confidential information of nonparty Association of National Advertisers members, sponsors or clients that are not relevant to any claim or defense. Confidentiality or nonresponsiveness alone does not authorize redaction of information within an otherwise responsive document. Each redaction shall identify its basis. The remaining content shall be produced in usable form, with OCR or extracted text corresponding only to unredacted content. Text and metadata shall not reveal redacted information. Email headers shall not be redacted unless independently protected.

Documents ordinarily produced natively may be produced as redacted images if the result is reasonably usable. Redacted spreadsheets shall display nonredacted worksheets and data legibly. If imaging materially impairs use, the parties shall confer about a redacted native file or other usable format. Unredacted originals shall be preserved.

**V. Privilege Logs and Clawback**

Privilege logs shall comply with Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2, including their requirements for identifying the protection asserted and providing sufficient information to assess the claim without disclosing protected content. Categorical and metadata logs may be used consistent with Local Civil Rule 26.2(c). The parties shall confer about any claimed deficiencies and appropriate additional detail.

The following need not be logged: (a) communications between a party and its outside counsel, or among counsel, on or after October 21, 2025; (b) work product created on or after that date; (c) internal communications of outside counsel's firm regardless of date; and (d) communications between a party and its outside counsel in connection with any TTAB proceedings. The Rule 502(d) nonwaiver and clawback provisions of the Stipulated Protective Order, upon its entry, govern produced privileged or work-product material. This protocol does not modify those provisions.

## VI. Delivery and Corrections

Productions shall use consistent, unique Bates prefixes and be delivered by secure electronic transfer or encrypted media, with passwords transmitted separately, where applicable. A transmittal shall identify the production date and Bates ranges. The parties shall exchange production contacts and cooperate to resolve technical issues. Confirmed unreadable files, broken links, and material processing errors shall be corrected promptly, with replacement files identified by Bates number.

## VII. Cooperation and Modification

The parties shall confer in good faith before seeking relief concerning this protocol and shall follow the Court's discovery-dispute procedures. Reasonable technical adjustments may be made by written agreement consistent with the Court's orders. Any modification requiring Court approval shall be submitted to the Court. Confidentiality designations and filing under seal remain governed by the protective order and applicable Court procedures.

SO STIPULATED AND AGREED:

Dated: November 5, 2026

**ANA LAW LLC**

By: /s/ Ana Juneja
Ana Juneja
(NY Bar No. 6160642)
Ana Law LLC
1300 Pennsylvania Ave. NW
Suite 700
Washington, DC 20004
(212) 205-6700 (telephone)
(212) 205-6701 (facsimile)
ana@analaw.com

*Counsel for Plaintiffs*

Dated: November 5, 2026

**REED SMITH LLP**

By: /s/ Ian M. Turetsky
Ian M. Turetsky
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
ituretsky@reedsmith.com

Jennifer Y. DePriest
(admitted *pro hac vice*)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
jdepriest@reedsmith.com

Christopher J. Pulido
(admitted *pro hac vice*)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: (415) 543-8700
Fax: (415) 391-8269
cpulido@reedsmith.com

*Counsel for Defendant*

**SO ORDERED.**
Dated: November 10, 2026
New York, New York

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge

## Attachment A

## Production Fields

Populate applicable, reasonably available fields as provided in Section III.D. Equivalent field names may be used by written agreement.

| Field | Description |
|---|---|
| BegBates / EndBates | First and last Bates numbers of the document. |
| BegAttach / EndAttach | First and last Bates numbers of the family. |
| PgCount | Number of produced images. |
| Custodian | Collecting custodian or source. |
| From / To / CC / BCC | Email sender and recipients, including addresses where available. |
| EmailSubject | Email subject line. |
| DateTimeSent / DateTimeReceived | Email sent and received dates and times. |
| DateTimeCreated / DateTimeModified | Document creation and modification dates and times. |
| FileName / FileExtension / NativeFile / TextFile | Original filename and extension; relative paths to native and text files. |
| FileSize / RecordType | File size and type of record. |
| Author / Title / Subject | Document author, title, and subject metadata. |
| AttachmentNames / AttachmentCount | Attachment filenames and number of attachments. |
| SourcePath / HashValue | Original file or repository path where reasonably available; hash value used for deduplication, if generated. |
| Confidentiality | Applicable confidentiality designation. |
| Redaction | Whether the document contains redactions. |